Moss, Judge,
delivered the opinion of the court:
On March 18, 1918, plaintiff, Cyrus French Wicker, entered into a written contract with the Government by the terms of which plaintiff agreed to sell and deliver to the United States from 1,000 to '5,000 bushels of castor beans, for which the Government agreed to pay plaintiff 9.8 cents per pound, including duty, same to be delivered between July 1, 1918, and October 15, 1918. It was understood between plaintiff and the contracting officer for the Government that plaintiff expected to secure the beans called for in the contract in Costa Pica, either by growing or purchasing them. The contract contained the provision that: “ If the contractor is prevented from furnishing beans by reason of floods, earthquakes, fires, tornadoes, or other acts of God, or conditions beyond the possible control of the contractor, including revolutions in Costa Rica, he shall be relieved from his obligation to furnish said beans to the extent to which he has been thus prevented from furnishing the same.”
After the execution of the contract plaintiff left at once for Costa Rica and there began the preparation of lands and the collection of seed for the purpose of producing *281 castor beans for the fulfillment of his contract with the Government. It is alleged by plaintiff that by reason of the shortage of labor due to revolutionary disturbances he was delayed in planting at the proper season and was therefore unable to make delivery of any part of the production within the time specified in the contract.
The contract further provided that: “ In the event of the failure of the said contractor to perform the stipulations of this contract within the time and in the manner specified herein, the said party of the first part may elect one of the following courses:
“(a) May rescind the contract;
“(b) May supply the deficiency by purchase in the open market or otherwise, charging the said contractor with any loss occasioned by a difference between such purchase price and the original contract price;
“(c) May take over from the contractor any or all items completed or in process of manufacture, payment for which shall be the difference between the contract price and the cost to the United States of having the articles or equipment completed;
“(d) Or may permit the party of the second part to-complete delivery within a reasonable time after the date or dates specified herein and in this event liquidated damages shall be deducted as provided in the attached order.”
Plaintiff returned to the United States and came to Washington about the middle of September, 1918, and conferred with certain Government officials connected with the castor bean section of the Air Service concerning his inability to make delivery within the specified time, and requesting an extension of time under the terms of the contract; and plaintiff contends that the time was verbally extended to March 31, 1919, by Captain Mayer and Lieutenant Grant. Negotiations were continued, however, for an extension of time, and on October 29, 1918, plaintiff wrote a letter to the contracting officer, Lieutenant O. R. Ewing, requesting the cancellation or extension of the contract, stating the circumstances which had served to prevent his compliance with same. In this letter it is stated, “.I therefore request that the present contract be canceled and the bond returned and *282 a new one made to cover such future deliveries, or that the Government will exercise Clause Y of the contract, section d, and permit me to complete delivery in accordance with the contract within a reasonable time after October 15. I have also arranged, if a contract can be arranged, to undertake at once new planting so as to largely increase my production before August 31.” In response thereto on October 31, 1918, Captain Ewing, disregarding the alternative proposals contained in plaintiff’s letter, canceled the contract, using the following language: “In view of the fact that you have delivered no beans under this contract you are hereby advised that the same is canceled.”
The evidence discloses the fact that neither Captain Mayer nor Lieutenant Grant had authority to extend the time for the completion of the contract. However, in view of the conduct of the plaintiff in continuing negotiations with Captain Ewing on the subject, it is manifest that plaintiff himself did not rely on the alleged extension by those officers. Plaintiff had a number of conferences with Captain Ewing prior to the date of plaintiff’s letter requesting a cancellation, in which the subject was fully discussed. Plaintiff was assured that if satisfactory evidence should be presented to the effect that the revolution was the direct occasion of a shortage of labor, which in turn caused the delay in planting, thus preventing the delivery within the specified time, the Government might be authorized to extend the time. In the midst of these negotiations plaintiff wrote the letter of October 29,1918.
Plaintiff presented a claim to the Secretary of War for compensation and damages in the sum of $14,490, which was rejected, and this action is for the recovery of that amount.
It is the opinion of the court that plaintiff is not entitled to recover. It is therefore adjudged that plaintiff’s petition be, and the same is hereby, dismissed.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, GTdef Justice, concur.